

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00517-CR

Julio Louis **CRAWFORD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR10663
Honorable Melisa Skinner, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  June 11, 2014

AFFIRMED

Appellant Julio Louis Crawford pled guilty to the offense of causing serious bodily injury to a child — a fifteen-month-old baby.  After a punishment hearing, the jury recommended punishment of eighty years' confinement in the Texas Department of Criminal Justice—Institutional Division.  The trial court sentenced Crawford in accordance with the jury's recommendation.  On appeal, Crawford raises a single issue, complaining the trial court erred in limiting closing arguments in the punishment phase to twenty minutes per side, thereby denying

him the right to effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution.[1] We affirm the trial court's judgment.

## BACKGROUND

A detailed rendition of the factual background is unnecessary to the disposition of this appeal. Accordingly, we provide only the necessary procedural background.

Crawford was indicted for causing serious bodily injury to a child aged fourteen years or younger. After the indictment was read, Crawford pled guilty before a jury to that offense. Thereafter, the punishment phase of the trial began; Crawford elected to have a jury assess punishment.

In essence, the testimony at the punishment phase established that Crawford struck his girlfriend's fifteen-month-old son multiple times. As a result of these strikes, the child suffered a traumatic brain injury. The doctors determined the child's condition was irreversible, and with the family's permission, the child was removed from the ventilator. The child passed away.

The State presented ten witnesses at the punishment phase: a custodian of records for the San Antonio Fire Department ("SAFD"), who authenticated the 911 call; Crawford's neighbor; the SAFD paramedic who attended to the child on the scene; Angie Mota, the child's mother; Eugene Mota, one of Angie's sons; John Zuniga, the investigating detective for the San Antonio Police Department; two custodians of records for the hospitals that treated the child after he was injured — both of whom merely authenticated the child's medical records; Dr. Anh Dinh, a pediatric intensivist, who was one of the child's treating physicians; and Jennifer Jean Rulon, the forensic pathologist who performed the child's autopsy. Crawford called two witnesses during the

---

[1] The State suggests Crawford's appellate complaint may in fact be an ineffective assistance of counsel claim. We disagree. As the State notes, Crawford does not argue his trial counsel was ineffective; rather, he merely contends he was denied effective assistance of counsel by virtue of the trial court's limitation on closing arguments during the punishment phase. We shall review Crawford's complaint accordingly.

punishment phase, himself and a woman who acted as an informal foster mother for Crawford and his twin brother for several years.

After the parties presented their evidence, the State inquired as to how much time would be permitted for closing arguments. The trial court advised that each side would be given fifteen minutes. Crawford's trial counsel asked the trial court if he could have "just a little bit more than that." In response, the trial court stated each side could have twenty minutes. Thereafter, Crawford's counsel objected, stating twenty minutes was insufficient for this extremely serious case and that he would need thirty minutes. The trial court overruled his objection.

During his argument, Crawford's trial counsel was able to discuss evidence presented by all but four of the witnesses — the three custodians of records, who did nothing more than authenticate the 911 call and the medical records, and his informal foster mother. In addition, when the trial court advised him that his time had expired, Crawford's attorney requested an additional two minutes, which the trial court allowed.

Ultimately, the jury recommended a sentence of eighty years' confinement, and the trial court sentenced Crawford accordingly. Crawford did not file a motion for new trial, but perfected this appeal.

## ANALYSIS

Crawford raises a single issue on appeal in which he contends the trial court's refusal to allow him an additional ten minutes for closing argument during the punishment phase infringed upon his right to effective assistance of counsel under the Sixth Amendment.[2]

---

[2] It has long been held that a complete denial of the right to jury argument implicates a defendant's Sixth Amendment right to counsel. *See Herring v. New York*, 422 U.S. 853, 864–65 (1975). However, the Texas Court of Criminal Appeals has yet to specifically hold that a restriction on the length of closing argument would implicate the Sixth Amendment. *Compare Dang v. State*, 154 S.W.3d 616, 619–20 (Tex. Crim. App. 2005) (analyzing reasonable time period for argument as statutory entitlement under arts. 36.07–.08 of Code of Criminal Procedure) *with id.* at 623 (Meyers, J., concurring) (stating limitations on closing argument may violate Sixth Amendment). Because we

### *Standard of Review*

Under the Texas Code of Criminal Procedure, a defendant has an inferential right to closing argument. *Dang v. State*, 154 S.W.3d 616, 619–20 (Tex. Crim. App. 2005) (citing TEX. CODE CRIM. PROC. ANN. art. 37.07–.08 (West 2007)). We review a trial court's limit on the length of closing argument for an abuse of discretion, keeping in mind that any limitation must be reasonable. *Dang*, 154 S.W.3d at 619–20. Although the limitation must be reasonable, the trial court's discretion is "broad." *Id.*; *Aguilera v. State*, 425 S.W.3d 448, 460 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). In determining whether the trial court abused its discretion, the Texas Court of Criminal Appeals has promulgated several non-exclusive factors for a reviewing court to consider in determining whether the trial court's time limitation was reasonable. *Aguilera*, 425 S.W.3d at 460 (citing *Dang*, 154 S.W.3d at 621). The factors include, but are not limited to: (1) the quantity of the evidence; (2) the duration of the trial; (3) conflicts in the testimony; (4) the seriousness of the offense; (5) the complexity of the case; (6); whether counsel used the allotted time efficiently; and (7) whether counsel advised the trial court of the issues he was unable to discuss because of the time limitation. *Id.*

### *The Dang Factors*

*Quantity of the Evidence, Duration of the Trial, and Conflicts in the Testimony*

The record establishes that twelve witnesses testified in a little over two days. The defense presented two witnesses to the State's ten, albeit three of the State's witnesses were merely used to authenticate evidence. However, the number of witnesses alone "does not indicate the number or degree of potentially existing conflicts." *Dang*, 154 S.W.3d at 621. Here, evidentiary conflicts were almost non-existent. Crawford pled guilty before the jury and he testified to inflicting the

---

ultimately conclude the trial court did not abuse its discretion in limiting closing arguments to twenty minutes, we need not decide whether the Sixth Amendment was implicated.

head wounds on the child. It appears Crawford desired to take issue with the child's cause of death, making much of the doctors' decision to give the child a strong sedative to induce a coma and then removing him from the ventilator when those drugs were still in his system. However, Crawford was not charged with murder, so whether the child actually died from the injuries sustained or because of certain drugs used to place the child in a coma-like state in an attempt to save him is irrelevant. Crawford admitted to striking the child in the head while in a "fit."

*Seriousness of the Offense and Complexity of the Issues*

As noted above, Crawford pled guilty to intentionally or knowingly causing serious bodily injury to a child. TEX. PENAL CODE ANN. § 22.04(a)(1) (West Supp. 2013). This offense is a first degree felony. *Id.* § 22.04(e). A first degree felony is punishable "by imprisonment for life or for any term of not more than 99 years or less than 5 years" and "a fine not to exceed $10,000." *Id.* § 12.32 (West 2011). Moreover, a defendant who is found guilty of an offense under section 22.04(a)(1), i.e., injury to a child, is not eligible for community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, Sec. 3g(a)(1)(I) (West Supp. 2013). Despite the seriousness of the offense, the issues in this case — other than those regarding the actual cause of death, which was irrelevant — were not complicated. Crawford admitted his guilt. The only issue before the jury was the proper punishment. In this regard, the evidence was undisputed that Crawford struck the child several times. During his testimony, he expressed remorse, but claimed he could not remember the incident. He claimed he had been drinking through the night and into the morning, and a picture of his ex-girlfriend incited his emotions — she had an affair and their relationship ended as a result. There was nothing complicated with regard to this evidence.

*Efficient Use of Time*

Our review of the record shows Crawford's trial counsel used his time very effectively during closing argument. He discussed testimony from all but four of the witnesses — the

custodians of records and Crawford's de facto foster mother. He did not engage in improper argument, nor was his presentation interrupted unnecessarily by objections from the State. He covered the issues relevant to punishment and was not repetitive. Moreover, when the trial court advised him time had expired, counsel requested an additional two minutes to complete his presentation, and the trial court granted his request. Thus, counsel received only eight minutes less than the time he requested.

*Issues Not Discussed*

At no time did Crawford's counsel set forth any evidence or topics that he would have covered if he had been given an additional eight minutes. As noted, there were few, if any, conflicts in the evidence, guilt was not an issue, and counsel had sufficient time to speak about nearly all of the witnesses' testimony.

*Application*

Crawford pled guilty, so there was no question regarding guilt. This case, in essence, involved nine substantive witnesses with testimony lasting less than three days. Although the seriousness of the offense and counsel's efficient use of time weigh in favor of Crawford's complaint, the other factors do not. There are few conflicts in the evidence, e.g., the State's contention that Crawford struck the child to stop him from crying versus Crawford's claim that "he lost it" because he had been drinking and he saw a picture of his unfaithful ex-girlfriend, and the irrelevant conflict over actual cause of death. Moreover, Crawford's counsel addressed the majority of the testimony in closing argument, and he never identified an issue or evidence that he was unable to discuss due to the time limitation.

Given the foregoing, we conclude the trial court did not abuse its considerable discretion in determining that twenty minutes, which actually turned into twenty-two minutes, was a

reasonable amount of time for closing arguments.  *See Dang*, 154 S.W.3d at 619.  We therefore overrule Crawford's sole appellate issue.

## CONCLUSION

We hold the trial court did not err in limiting closing arguments to twenty minutes under the circumstances of this case.  We overrule Crawford's issue and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do No Publish